MIGUEL BERNAT Y FERRER, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGUEZ, Respondent.

No. 846.   Argued May 28, 1931.—Decided May 29, 1931.

*José Sabater* for appellant.   The registrar did not appear.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

By a public deed executed on March 5, 1931 before notary José Sabater y García, of Mayagüez, Jaime Enseñat y Mayol, as attorney in fact of Lucas Antonio Bernat y Ferrer, a resident of Palma, Spain, sold to Miguel Bernat y Ferrer, domiciled at Las Marías, Puerto Rico, a parcel of land measuring 25 acres (*cuerdas*), situate in the ward of Espino, municipal district of Las Marías.

A copy of this deed was presented for record in the registry of property accompanied by an authenticated copy of a special power of attorney executed by Lucas Antonio Bernat at Soller, Palma, Balearic Islands, on January 14, 1928, before notary Jaime Domenge, wherein the principal "grants power as ample and sufficient as may be required by law to his brother, Miguel Bernat y Ferrer, married and residing at Soller, and to his friend, Jaime Enseñat y Mayol, single and residing at Las Marías (Island of Puerto Rico), both of age and merchants, for them either jointly or severally, in the name and on behalf of the principal herein, to sell at such price and upon such terms as they shall deem best, all the properties, whether urban or rural, that the said principal may own in the district of Las Marías in the said Island; to purchase rural and urban estates, rights or other properties, likewise at such price and upon such covenants as they shall deem expedient; and to grant and execute

all deeds and other instruments necessary to accomplish the aforesaid purposes.''

The Registrar of Property of Mayagüez refused the record of the sale evidenced by the instrument above mentioned, on the following ground stated in his decision:

''INASMUCH AS the sale purports to be made by Enseñat as attorney in fact in the name of the owner of the property, Lucas Bernat y Ferrer, in favor of Miguel Bernat y Ferrer, who is also an attorney in fact of the said owner of the property sold, Lucas Bernat y Ferrer, as appears from the power of attorney which has been exhibited to me, in accordance with subdivision 2 of section 1362 of the Civil Code, the said sale is void.''

The registrar is right. Section 1362 of the Civil Code provides as follows:

''The following persons can not acquire by purchase, even at public or judicial auction, neither in person nor by an agent:

''1.   .    .    .    .    .    .    .    .    .

''2. Agents, the property the administration or sale of which may have been intrusted to them.''

These attorneys in fact having been intrusted with the sale of all the urban and rural properties belonging to their principal, or at least expressly authorized therefor by a special power of attorney, there is no doubt that both agents are covered by the prohibition contained in section 1362 and are therefore incapacitated to purchase such properties.

The decision of the registrar is affirmed.